## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

TAT/ICIB SERVICES, INC.,
  Plaintiff,

        v.

ADVANCE LOGISTICS GROUP, INC., ET AL.,
  Defendants.

Civil No. 05-1787 (HL)

## OPINION AND ORDER

Plaintiff TAG/ICIB Services, Inc. ("TAG"), as agent for CMA CGM The French Line

("CMA"), brings this action in admiralty against Advance Logistics Group, Inc. and Alberto

J. Cruz pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h) for the collection of demurrage

charges by an ocean carrier.  Pending before the Court is Plaintiff's motion for summary

judgment (Dkt. No. 12) and Defendants' opposition to said motion (Dkt. No. 19-22)[1].  Plaintiff

moves for summary judgment on the grounds that Defendants failed to pay demurrage charges

incurred in connection with their use of shipment containers belonging to CMA and has ignored

invoices regarding these charges. For the reasons set forth below, Plaintiff's motion for

summary judgment is hereby denied.

## BACKGROUND

TAG is a corporation organized under the laws of the state of Delaware, with offices in

San Juan, Puerto Rico.  It serves as an agent for billing and collection for CMA, an ocean

---

[1]Plaintiff filed a reply to Defendants' opposition, however the reply was stricken from the record as untimely since it had been filed without leave from the Court or request for an extension of time 21 days after the filing of Defendants' opposition. *See* Order (Dkt. No. 29).

1

carrier engaged in the transportation of goods by sea which operates subject to applicable freight and demurrage tariffs. Advance Logistics Group, Inc. is a corporation organized under the laws of Puerto Rico. Alberto Cruz is a director and authorized officer of Advance Logistics, Inc.

Plaintiff alleges Advance Logistics Group, Inc. utilized the services and facilities of CMA on multiple occasions for the transportation of cargo and cargo containers by ship without paying applicable tariffs. While there was a grace period during which Advance Logistics Group, Inc. was allowed to load or unload containers at places of origin and places of destination free of charge, at the expiration of this grace period a demurrage charge began to accrue. Under this system, Advance Logistics Group, Inc. was required to pay demurrage charges for each day a container was not returned beyond this no-charge period. Plaintiffs claim Advance Logistics Group, Inc. retained containers past the no-charge period on multiple occasions between 2001-2003 and has refused to pay the resulting charges amounting to $25,980.00. Defendants argue that at no time were services provided to Alberto Cruz in his individual capacity and that Plaintiff presents no evidence to document the dates or charges involved.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of fact exists if there is sufficient evidence supporting

2

the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The mere existence of a scintilla of evidence in support of the [nonmoving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252.

In deciding a motion for summary judgment, the Court shall review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *LeBlanc* at 841. The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied the threshold requirement, the burden shifts to the nonmoving party to present facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson* at 256. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To aid the Court in the task of identifying genuine issues of material fact in the

record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56. Local Rule 56(b) requires that a party moving for summary judgment submit in support of the motion, a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried. The moving party shall also provide the basis of such contention as to each material fact, properly supported by specific reference to the record. *Id.* Further, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c).

Local Rule 56 clearly states, "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. *The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.*" D.P.R. L.Civ.R 56(e) (emphasis added). The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F. Supp. 81, 85 (D.P.R. 1995). "Parties ignore [such rules] at their peril. *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000). In the instant matter Plaintiff has failed to cite much of their Statement of Material Fact to the record as

required by Local Rule 56[2].  Rather, Plaintiff's statement of fact is simply their own assertion

as to tariff amounts owed, unsupported by any documentation. As such, the Court will not

consider the uncited statements of fact (Dkt. No. 12-3, ¶ 6-52).

## DISCUSSION

This motion for summary judgment is wholly unsupported.  Plaintiff includes with its

motion no evidence of a Bill of Lading, no Container and Equipment Interchange Receipt, and

no contract signed by the relevant parties.  As such the moving party has not established that any

agreement for service existed between the parties, has not asserted with specificity the alleged

dates when Advance Logistics Group, Inc. failed to return the shipping containers, has not

provided information regarding dates the containers were indeed returned nor the specific point

in time when the no-charge period expired.   Additionally, no information has been provided

regarding tariff rates or method of computation.  As such, Plaintiff has not met its burden of

showing that no issue of material fact exists and that this case may be resolved as a matter of law.

Though Defendants raise an argument based on the expiration of the statute of

limitations, the Court cannot entertain this since no information regarding specific dates has been

provided by either party.

## CONCLUSION

In view of the aforementioned, the Court hereby **denies** TAG's motion for summary

judgment.

**IT IS SO ORDERED.**

---

[2]Plaintiff's memorandum of law also includes a recitation of much of the excluded factual statements, in that document cited to "Exhibit 1".  However the Court's review of the docket shows no such exhibit exists for Plaintiff's summary judgment filing.

San Juan, Puerto Rico, September 29, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge