UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

TAT/ICIB SERVICES, INC.,
  Plaintiff,

v.

ADVANCE LOGISTICS GROUP, INC., ET AL.,
  Defendants.

Civil No. 05-1787 (HL)

**ORDER**

Plaintiff TAG/ICIB Services, Inc. ("TAG"), as agent for CMA CGM The French Line ("CMA"), brings this action in admiralty against Advance Logistics Group, Inc. and Alberto J. Cruz pursuant to 28 U.S.C. § 1333 and Fed. R. Civ. P. 9(h) for the collection of demurrage charges by an ocean carrier. Pending before the Court is Defendants' motion to dismiss due to the existence of a forum selection clause in the governing contract mandating that all disputes be brought before the Tribunal de Commerce de Marseille (Dkt. No. 24). Plaintiff filed an opposition to said motion (Dkt. No. 26)[1]. For the reasons set forth below, Defendants' motion to dismiss is hereby **granted**.

**BACKGROUND**

TAG is a corporation organized under the laws of the state of Delaware, with offices in San Juan, Puerto Rico. It serves as an agent for billing and collection for CMA, an ocean carrier engaged in the transportation of goods by sea which operates subject to applicable

---

[1] Defendants requested leave to file a reply to Plaintiff's opposition, however this was denied and the proposed reply motion stricken from the record as untimely since it had been filed 20 days after the filing of Plaintiff's opposition. *See* Order (Dkt. No. 28).

1

freight and demurrage tariffs. Advance Logistics Group, Inc. is a corporation organized under the laws of Puerto Rico. Alberto Cruz is a director and authorized officer of Advance Logistics, Inc.

Plaintiff alleges Advance Logistics Group, Inc. utilized the services and facilities of CMA on multiple occasions for the transportation of cargo and cargo containers by ship without paying applicable tariffs. While there was a grace period during which Advance Logistics Group, Inc. was allowed to load or unload containers at places of origin and places of destination free of charge, at the expiration of this grace period a demurrage charge began to accrue. Under this system, Advance Logistics Group, Inc. was required to pay demurrage charges for each day a container was not returned beyond this no-charge period. Plaintiffs claim Advance Logistics Group, Inc. retained containers past the no-charge period on multiple occasions between 2001-2003 and has refused to pay the resulting charges amounting to $25,980.00.

## DISCUSSION

Defendants argue the instant matter should be dismissed due to the forum selection clause in the Bill of Lading stating, "[a]ll claims and disputes arising under or in connection with this bill of lading shall be determined by the courts of Marseille at the exclusion of the courts of any other country." *See* Dkt. No. 24-3. In further support of their position, Defendants also point to a provision of the Bill of Lading Terms and Conditions which states, "[a]ll actions under the contract of Carriage evidenced by this Bill of Lading shall be brought before the Tribunal de Commerce de Marseille and no other Court shall have jurisdiction with regards to any such action." *See* Dkt. No. 24-2. Contractual forum selection clauses are deemed "prima

facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 386 (1st Cir. 2001) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

Plaintiff, in response, argues that any affirmative defenses based on improper venue under Fed. R. Civ. P. 12(b)(3) were waived when Defendants did not raise such arguments in their Answer or by motion filed before the responsive pleading was due, as required by Fed. R. Civ. P. 12(h)(1), and that such issues cannot now be raised in a motion filed more than a year after the commencement of this action. However, under the law of this Circuit, a motion to dismiss based on a forum selection clause is treated akin to a motion alleging a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g. Lambert v. Kysar*, 983 F.2d 1110, 1112 at n.1 (1st Cir. 1993); *LFC Lessors v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 7 (1st Cir. 1984). "Consequently, a motion to dismiss by reason of a forum-selection clause is covered by Rule 12(h)(2), which states '[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.'...[T]herefore a motion to dismiss on forum-selection grounds is not bound to the strict limitations of [Rule] 12(h)(1)." *Silva,* 239 F.3d at 388 (internal citations omitted). A motion to dismiss based on a forum selection clause may be raised at any time prior to disposition on the merits. As such Defendants' right to file a motion to dismiss on these grounds has not been waived.

Alternatively, Plaintiff argues it would be unreasonable to litigate this action in the Tribunal de Commerce de Marseille since all parties have their place of business in Puerto Rico and the relevant acts giving rise to the complaint took place in Puerto Rico. The Court also finds

3

this argument without merit. Both Plaintiff and Defendants are corporations with similar resources and bargaining power who freely entered into a contractual agreement providing for certain services. Each were fully able to understand the contract and had the power to bargain for or make changes to the contractual agreement prior to signing same. Had they so desired, the parties could easily have drafted the Bill of Lading to provide for jurisdiction in the courts of Puerto Rico or any other court. Moreover, it appears from the exhibits provided that Plaintiff was the drafter of the Bill of Lading and it is Plaintiff's own forum selection clause that they are now attempting to avoid.

The language of the clause in question is mandatory. On the two occasions where it appears, the drafting unequivocally states that all claims or causes of action *shall* be determined by the courts of Marseille and explicitly excludes all other courts from exercising jurisdiction. The intent of the parties to make the Tribunal de Commerce de Marseille the exclusive forum for adjudicating disputes is clear. Furthermore, the Bill of Lading Terms and Conditions also contains a choice of law clause directing that French law shall apply to any such disputes. The French courts are better equipped and in a much better position to apply their laws than the District Court of Puerto Rico. As the parties freely entered into a contract with a mandatory forum selection provision, it is not at all unreasonable to now hold them accountable to that.

## CONCLUSION

In view of the aforementioned, the Court hereby **grants** Defendants motion to dismiss. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 30, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge